**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ESTATE OF JOSE ENRIQUE CARTAGENA CHACON, by and through administrator, DORA A. CARTAGENA CHACON | ) | No. |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| CITY OF LENEXA, NICHOLAS GAUL, ALEXANDER CLARK, and UNKNOWN OFFICERS OF CITY OF LENEXA, | ) | |
| Defendants. | ) | |

**<u>COMPLAINT</u>**

Plaintiff, ESTATE OF JOSE ENRIQUE CARTAGENA CHACON, by and through administrator DORA A. CARTAGENA CHACON, complains of Defendants CITY OF LENEXA, NICHOLAS GAUL, ALEXANDER CLARK, and UNKNOWN OFFICERS OF CITY OF LENEXA, as follows:

**INTRODUCTION**

1. City of Lenexa Police Officer Nicholas Gaul shot and killed Jose Enrique Cartagena Chacon without any lawful justification. Before Defendant Gaul shot Mr. Chacon – a 24-year old young man and beloved by his family and friends – he was simply sleeping in his car. Mr. Chacon was not causing harm to anyone and posed no immediate threat. Nonetheless, Gaul and his fellow

Lenexa Police Officer, Alexander Clark, chose to confront a man sitting in his car. The confrontation ended with Mr. Chacon being murdered by Defendant Gaul.

2. Because of their status as law enforcement officers, Defendants Gaul and Clark have not been held accountable for their actions. No criminal charges were ever filed, and they have not even been removed from the Lenexa Police Department.

3. This action, brought under 42 U.S.C. § 1983 and Kansas law, seeks justice – and accountability – for the wrongful, unjustified killing of Jose Enrique Cartagena Chacon, and the devastating injuries and loss that his family continues to suffer as a result of Defendants' misconduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted herein all occurred within this district, and, upon information and belief, all or most of the parties reside in Johnson County.

## PARTIES

6. The Estate of Jose Enrique Cartagena Chacon will represent the property and legal interests of decedent Jose Enrique Cartagena Chacon.

7. Dora A. Cartagena Chacon, the mother of Jose Cartagena Chacon, will serve as the court-appointed administrator of the Estate of Jose Enrique Cartagena Chacon. The Estate of Jose Enrique Cartagena Chacon includes any legal interests arising out of Jose Enrique Cartagena Chacon's death that Dora A. Cartagena Chacon may have. The Estate brings those claims on her behalf.

8. Defendants Nicholas Gaul and Alexander Clark, and other Unknown Officers (collectively "Defendant Officers") are or were law enforcement officers employed by the City of Lenexa. At all times relevant to this cause of action, Defendants Gaul, Clark, and other Unknown Officers acted under color of law as officers of the Lenexa Police Department and within the scope of their employment.

9. Defendant City of Lenexa is a political subdivision in the State of Kansas.

## FACTUAL ALLEGATIONS

### Defendants Gaul and Clark Approach Mr. Chacon's Vehicle

10. On the night of June 22, 2025, Mr. Chacon slept quietly in his car in the parking lot of an apartment complex.

11. Defendants Gaul and Clark approached Mr. Chacon's vehicle. They drew their guns and pointed them at Mr. Chacon, who posed no threat to any of the officers.

12. Defendants Officers shouted threatening commands at Mr. Chacon. He was startled and woke up.

13. Defendant Gaul shined a flashlight into Mr. Chacon eyes and aggressively yelled at him to "put your fucking hands up!"

14. Defendant Officers did not announce themselves to Mr. Chacon as police officers.

15. Instead of de-escalating the situation, Defendant Officers decided to create more chaos and confusion. They shouted more threats at Mr. Chacon causing him greater fear, including proclaiming that "I'm going to shoot you right now!"

16. Defendant Officers shouted at Mr. Chacon in English.

17. Mr. Chacon hardly understood English.

18. Surrounded by two gunmen, Mr. Chacon was afraid for his life.

**Defendant Gaul Fires No Less Than Eight Rounds Into Mr. Chacon's Vehicle**

19. Without legal justification Defendant Gaul fired at least eight rounds into the vehicle, with bullets striking Mr. Chacon's flesh multiple times. In these moments, Mr. Chacon experienced unspeakable pain.

20. This shooting was unlawful.

21. At no point during Mr. Chacon's encounter with Defendants did he take any action that would have justified Gaul's use of deadly force.

22. At no point during Mr. Chacon's encounter with Defendants did he pose an immediate threat of death or serious bodily harm sufficient to justify the use of deadly force by Defendant Gaul.

23. Mr. Chacon was later pronounced dead at the hospital.

24. Upon information and belief, Defendant Officers' accounts to authorities investigating the shooting incident are at odds with, and contradicted by, the truth of what actually occurred.

25. For example, they claimed that Mr. Chacon threatened them with a gun.

26. In reality, Mr. Chacon had fallen asleep with a pellet gun in his lap, which was not a real gun and had no actual bullets.

27. At no point, did he point the pellet gun at any officer.

28. Despite all of these inconsistencies, Defendant Officers were not, and have not been, disciplined by the City of Lenexa for killing Mr. Chacon.

**Plaintiffs' Damages**

29. The Defendants' actions imposed substantial harm on Mr. Chacon during the period of time after which he was shot by Defendant Gaul until Jose Enrique Cartagena Chacon ultimately passed away. The amount of excruciating pain Jose Enrique Cartagena Chacon felt during those final moments is unquantifiable.

30. In addition, Jose Enrique Cartagena Chacon lost the opportunity to live the rest of his life. Jose Enrique Cartagena Chacon lost the opportunity to earn wages. These damages are tragic and substantial.

**Count I - 42 U.S.C. § 1983**
**Excessive Deadly Force**

31. Each of the Paragraphs in this Complaint is incorporated as if stated fully herein.

32. As described in the preceding paragraphs, Defendant Gaul's actions toward Jose Enrique Cartagena Chacon violated his constitutional rights, including but not limited to those under the Fourth and Fourteenth Amendments of the United States Constitution.

33. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others. In addition, the misconduct and excessive force described in this Count shocks the conscience.

**Count II – 42 U.S.C. § 1983**
**Unlawful Seizure**

34. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

35. In the manner described in this Complaint, Defendant Officers violated Jose Enrique Cartagena Chacon's constitutional rights, causing him damage by seizing him with the absence of probable cause or reasonable suspicion in violation of the Fourth Amendment of the United States Constitution.

36. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Jose Enrique Cartagena Chacon's constitutional rights.

**Count III – 42 U.S.C. § 1983**
**Failure to Intervene**

37. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

38. In the manner described above, during the constitutional violations described herein, one or more Defendant Officers stood by without intervening to prevent the violation of Jose Enrique Cartagena Chacon's constitutional rights, even though they had a reasonable opportunity to do so.

39. As a result of the Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Defendants had ample, reasonable opportunities to prevent this harm but failed to do so.

40. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard for Plaintiff's rights, all so they could take her son's life without impunity.

41. As a direct and proximate result of Defendants' misconduct, Plaintiff suffered great mental anguish, humiliation, emotional pain and suffering, and other grievous injuries and damages as set forth above.

**Count IV—State Law Claim**
**Assault & Battery**

42. Each paragraph of this Complaint is incorporated as if stated fully herein.

43. As described above, Defendant Gaul used force against Jose Enrique Cartagena Chacon, resulting in harmful or offensive contact.

44. In using force against Jose Enrique Cartagena Chacon, Defendant Gaul intended to cause physical pain or injury, to be insulting, and/or to cause offensive contact.

45. Additionally, Defendant Officers pointed their guns and threatened to shoot Jose Enrique Cartagena Chacon, causing him fear of imminent violence.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

47. As a proximate result of this misconduct, Jose Enrique Cartagena Chacon suffered severe physical pain and emotional distress, and anguish.

**Count V—State Law Claim**
**Wrongful Death**

48. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

49. City of Lenexa is liable for damages arising from Defendant Officers' unlawful conduct that caused Jose Enrique Cartagena Chacon's death in that Jose Enrique Cartagena Chacon's injuries and death were caused by Defendant Officers' wrongful act, neglect, carelessness, unskillfulness, or default while Defendant Officers were acting as an agent of City of Lenexa.

50. Defendant Officers' actions as described in this Complaint were a substantial factor in bringing about Jose Enrique Cartagena Chacon's death, and without those actions, the death of Jose Enrique Cartagena Chacon would not have occurred.

51. Dora A. Cartagena Chacon, Mr. Chacon's mother, suffered loss of companionship and mental anguish as a result of the death of Mr. Chacon.

52. Dora A. Cartagena Chacon suffered from pecuniary loss as a result of the wrongful death of Mr. Chacon.

**Count VI—State Law Claim**
**Survival Action**

53. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

54. Plaintiff is the legal representative authorized to pursue these claims against Defendants.

55. Prior to his death, Jose Enrique Cartagena Chacon suffered serious personal injuries including but not limited to severe pain and emotional distress during the period after he was shot but before he died from the gunshot wounds Defendants inflicted upon him.

56. All Defendants are liable for these damages arising from Defendant Officers' unlawful conduct that caused Jose Enrique Cartagena Chacon's severe pain and emotional distress in that Jose Enrique Cartagena Chacon's injuries were caused by (or were substantially caused by) Defendant Gaul's wrongful act, neglect, carelessness, unskillfulness, or default while Gaul was acting as an agent of the City of Lenexa.

57. Gaul's actions, as described in this Complaint were a substantial factor in bringing about the injuries described in this Count, and without those actions, these injuries would not have occurred.

**Count VII—State Law Claim**
**Intentional Infliction of Emotional Distress**

58. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

59. Defendant Officers' actions, omissions, and conduct, as set forth above, were extreme and outrageous as well as willful and wanton. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause, or with reckless disregard for the high degree of probability that they would cause severe emotional distress to Plaintiff, as more fully alleged above.

60. In the manner described more fully above, by causing the death of Jose Enrique Cartagena Chacon, the Defendant Officers intended to cause both physical and emotional distress. In so doing, Defendant Officers' conduct was extreme and outrageous and caused Jose Enrique Cartagena Chacon severe, disabling physical distress, emotional distress, and ultimately death. The misconduct described in this Count was intentional and undertaken with malice, willfulness, and reckless indifference to the rights of others.

**Count VIII—State Law Claim**
**Respondeat Superior**

61. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

62. While committing the wrongful acts alleged in the preceding paragraphs, Defendants Gaul and Clark were employees, agents, and members of the City of Lenexa, acting at all relevant times within the scope of their employment.

**Count IX—State Law Claim**
**Indemnification**

63. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

64. Kansas law requires that each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment.

65. In committing the misconduct described herein, Defendants Gaul and Clark were employees of the City of Lenexa, acting at all relevant times within the scope of their employment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ESTATE OF Jose Enrique Cartagena Chacon, by and through administrator, respectfully requests that this Court enter a judgment in his favor and against the LEXENA POLICE OFFICERS NICHOLAS GAUL, ALEXANDER CLARK, and UNKNOWN OFFICERS OF CITY OF LENEXA; and the CITY OF LENEXA awarding compensatory damages, attorneys' fees and costs against each Defendant, punitive damages against each of the individual Defendants, and any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, ESTATE OF Jose Enrique Cartagena Chacon, by and through administrator YENY M. CARTAGENA CHACON, hereby demands a trial by jury pursuant to K.S.A. 60-238 and Federal Rule of Civil Procedure 38, hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

DORA A. CARTAGENA CHACON,

BY: /s/__Matthew Quinn___
*One of Plaintiff's Attorneys*

Matthew Quinn
SBN: 27956
QUINN & QUINN LAW, P.C.
9229 Ward Pkwy Ste 260,
Kansas City, MO 64114
(816) 444-7474
MathewQuinn@quinnlawkc.com

Thomas D. Bowers*
Bowers Firm PLLC
P.O. 763697
Dallas, TX 75376
(214) 697-3733
bowersfirm@gmail.com

*Attorneys for Plaintiffs*

*Motions for Pro-Hac Vice Admission forthcoming